This action lies for any overflowing of the plaintiff's land, the maxim being, "You must so use your own as not to prejudice another's property"; but the action may be continued from time to time till the defendant is compelled to abate the nuisance; every continuance thereof after a preceding action being considered as a new erection. The first action is regarded as a trial of the question whether a nuisance or not. Therefore, it is not proper, in the first instance, to give exemplary damages, but such only as will compensate for actual loss, as killing the timber or overflowing a field so as to prevent a crop being made upon it, and the like. But where the abating the nuisance will restore the lands to the same value and use as before the nuisance, and no real loss has been as yet sustained, the damages should be small; but if after this the nuisance should be continued, and a new action brought, then the damages should be so exemplary as to compel an abatement of the nuisance.
There was a verdict for the plaintiff, and sixpence damages.
NOTE. — Vide __________ v. Deberry, and the note thereto, ante, 248.
Cited: Moore v. Love, 48 N.C. 218.